UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON EVERETT ROSS<br><br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant | Civil Action No. 2:15-cv-01090-BJR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

Jason Ross ("Plaintiff") brings the present action under the Federal Tort Claims Act ("FTCA"), alleging malpractice by his treating physician at the Veterans Administration ("VA") hospital in Seattle.  The Government moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction because Plaintiff's suit is barred by the limitations period prescribed by 28 U.S.C. § 2401(b).  However, it is clear to the Court that the Government's motion is more properly designated as a motion for summary judgment and, having analyzed it accordingly, together with the parties' briefing, the relevant authorities, and the entire record, the Court will grant the motion.  The reasoning for the Court's decision is set forth below.

1

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are uncontested by the parties.  Plaintiff is a veteran of the United States Marine Corps.  After leaving the Marine Corps, Plaintiff was treated for post-traumatic stress disorder ("PTSD") at the VA hospital in Seattle.  One of Plaintiff's treating physicians at the VA prescribed two antidepressants—venlafaxine and bupropion.

On June 27, 2012, Plaintiff suffered a severe pancreatitis attack.  Plaintiff was transported to Evergreen Hospital in Kirkland, Washington for treatment.  The staff at Evergreen administered the antidepressants consistent with Plaintiff's prescription.  Several days later, Plaintiff suffered a second pancreatitis attack.  A physician at Evergreen informed Plaintiff that the antidepressants had caused his pancreatitis.  After the second attack, Plaintiff was moved to the VA hospital for continued treatment.  Plaintiff declined to continue taking venlafaxine and bupropion.

In October 2014, Plaintiff presented a medical malpractice claim to the VA in which he alleged that his treating physician negligently prescribed antidepressants that caused his pancreatitis.  Dkt. 31-1, Def.'s Decl. Ex. A at 28.  Plaintiff later filed suit in this Court *pro se*.  Dkt. 4, Pl.'s Compl.  Plaintiff then retained counsel and filed his Amended Complaint.  Dkt. 16.

## III.     DISCUSSION

**A. The Government's motion is more properly designated as a motion for summary judgment.**

As noted above, the Government seeks to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction because Plaintiff's FTCA claim is barred by the limitations period in 28 U.S.C. § 2401(b).  Section 2401(b) provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28

U.S.C. § 2401(b).  The Government's contention that the two-year time limit is jurisdictional is incorrect.  As *United States v. Kwai Fun Wong* makes clear, this time limit is not a jurisdictional bar, but rather a claims-processing rule that does not deprive the Court of the authority to exercise its equitable powers to hear a case brought under the FTCA.  575 U.S. __, 135 S. Ct. 1625, 1633 (2015) (holding that § 2401(b)'s requirement that a claim be filed within two years of accrual is not jurisdictional).

Because the time limit prescribed by § 2401(b) is nonjurisdictional, and because the Government has supported its motion with documents outside the pleadings, the Court will analyze the Government's motion to dismiss as a motion for summary judgment.[1]  Fed. R. Civ. P. 12(d).

B.  **The summary judgment standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Facts are material if they may affect the outcome of the suit, and disputes over these facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

C.  **Plaintiff's claim is barred.**

There are no material factual disputes in this case.  The only issue before the Court is whether Plaintiff's claim was filed within two years of its accrual, as required by § 2401(b).  The parties do not dispute that Plaintiff presented his claim to the VA in October 2014.  Dkt. 36, Pl.'s

---

[1] Indeed, in its reply brief, the Government refers to its motion as a motion for summary judgment.  Dkt. 39.  Further, Plaintiff also submitted extra-complaint evidence in opposition to the Government's motion, which means that both parties have been "fairly apprised that the Court would look beyond the pleadings" and treat the Government's motion as a motion for summary judgment.  *Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

3

Opp'n at 2; Dkt. 31-1, Def.'s Decl. Ex. A at 28.  Thus, the question of when Plaintiff's malpractice claim accrued is determinative.

The Government contends that Plaintiff's claim accrued in early July 2012 when Plaintiff learned that the prescribed antidepressants caused his pancreatitis.  Indeed, it is well-established that, under the FTCA, a plaintiff's claim accrues when he has discovered both his injury and its cause.  *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979).  Plaintiff does not dispute that this discovery occurred in July 2012, nor does he dispute that the *Kubrick* "discovery rule" is precedential.  Rather, Plaintiff urges the Court to abandon the discovery rule and apply a new rule that provides that accrual occurs when a plaintiff discovers all of the required elements of his cause of action.  Dkt. 36, Pl.'s Opp'n at 4.  Plaintiff contends that his claim could not have accrued until he learned—in November 2012—that his physician at the VA breached the standard of care.  Plaintiff asserts that a new rule of accrual is appropriate in light of the Supreme Court's recent decision in *United States v. Kwai Fun Wong*.  135 S. Ct. 1625.

*Wong* enabled courts to exercise their equitable powers to extend the filing deadline in FTCA cases by tolling the statute of limitations.  *Id.* at 1638.  Plaintiff assumes that the Court decided *Wong* in spite of the discovery rule, which Plaintiff describes as a relic of a time "when the FTCA statute of limitations was thought to be . . . inalterable."  Dkt. 36, Pl.'s Opp'n at 4.  However, the discovery rule itself allows for an alteration of the statute of limitations by delaying the date on which the statute begins to run.  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1048 (9th Cir. 2013) *remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625.  Far from contravening the discovery rule, *Wong* reinforced the notion that such a common-law exception to the statute of limitations could be applied to adjust the filing deadline set by § 2401(b).  *See id.* at 1048.  *Kubrick* and its progeny are still good law.  *Beebe*, 732 F.3d at

1048–49 (reaffirming *Kubrick* and reasoning that it supports the conclusion that tolling is available in FTCA cases); *Gallardo v. United States*, 755 F.3d 860, 864 (9th Cir. 2014) (applying *Kubrick* and ensuing Ninth Circuit precedent).

Therefore, the Court declines to adopt Plaintiff's proposal that accrual should occur when a Plaintiff has discovered that his healthcare provider was negligent. The *Kubrick* line of cases is clear—a claim accrues when a plaintiff knows of both his injury and its cause and not when he "suspects a legal wrong." *Lukovksy v. City and Cnty of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008); *see also Kubrick*, 444 U.S. 111, 122 (1979); *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988). Whether a plaintiff knows that his injury has been negligently inflicted is irrelevant and "a potential plaintiff has the duty to start investigating the legal liability of the defendant when he knows he has been injured and who has inflicted the injury." *Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984); *see also Kubrick*, 444 U.S. 111, 122 (1979); *Landreth*, 850 F.2d at 533.

Alternatively, Plaintiff argues that the Court should apply the "continuous treatment doctrine" to delay the accrual of his claim while he received treatment for PTSD and pancreatitis "through October 2012 and later." Dkt. 36, Pl.'s Opp'n at 3. The continuous treatment doctrine provides that, when a healthcare provider's "tortious conduct is of a continuing nature, the *Kubrick* rule does not apply" and the plaintiff's cause of action "does not accrue until the tortious continuing treatment ends." *Wehrman v. United States*, 830 F.2d 1480, 1483, 1486 (8th Cir. 1987); *see also McCullough v. United States*, 607 F.3d 1355, 1361 (11th Cir. 2010); *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001).

The continuous treatment doctrine does not apply to this case because Plaintiff has not demonstrated that his continued treatment for either PTSD or pancreatitis was itself tortious. On

the contrary, Plaintiff discontinued the only negligent course of treatment he alleges—a regimen of venlafaxine and bupropion—after learning that it had caused his injury.  Plaintiff does not indicate that his subsequent course of treatment for PTSD or his follow-up care for pancreatitis were negligent or below the standard of care.  The mere continuation of a doctor-patient relationship does not merit delayed accrual when the plaintiff does not allege further negligent treatment during the course of that relationship.  *See, e.g. Raddatz*, 750 F.2d at 795–96; *Outman v. United States*, 890 F.2d 1050, 1053 (9th Cir. 1989); *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969); *Hicks v. Armstrong*, 253 F.3d 1072, 1075 (8th Cir. 2001).

### IV.   CONCLUSION

For the foregoing reasons, the Court converts the Government's motion to dismiss to a motion for summary judgment and HEREBY GRANTS the motion [Dkt. No. 30].

Dated this 13th day of October, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge